UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SADIE MICHELE BLANCHARD and COMMITTEE TO ELECT S. MICHELE BLANCHARD, LLC<br><br>                        Plaintiffs,<br>v.<br><br>JEFFREY SCOTT TILLMAN and US TERM LIMITS<br><br>                        Defendants. | NUMBER: 2:20-cv-02400-ILRL-MBN<br><br>DISTRICT JUDGE IVAN L.R. LEMELLE<br><br>MAGISTRATE JUDGE MICHAEL NORTH |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE OR ALTERNATIVELY RULE 12(b)(6) MOTION TO DISMISS**

Defendants Jeffrey Scott Tillman and U.S. Term Limits respectfully submit this Reply Memorandum in Support of their Special Motion to Strike or Alternatively Rule 12(b)(6) Motion to Dismiss. The Plaintiffs' Opposition reveals the frailty of her claims. She continues to double down on her own e-mails, which state that **she supports term limits except they are a bad idea and doesn't support them.** When pressed, Ms. Blanchard refused to state her unequivocal support for term limits as Defendants requested. She now blames her election loss on Defendants' mail pieces. But even if the Plaintiffs election loss was due to Defendants' actions, there is no law or remedy for the truthful and/or political statements the Defendants have made without actual malice, and therefore Article 971 applies and the Petition should be dismissed at the Plaintiffs' cost.

    **I.**        **DEFENDANTS HAVE MET THEIR *PRIMA FACIE* BURDEN.**

Defendants have made their *prima facie* showing that the claims asserted arise from an act in furtherance of the exercise of their right of petition or free speech in connection with a public

1

issue.[1] The Plaintiffs contest that the Defendants were exercising their right to free speech because, according to the Plaintiffs' pleadings, Defendants were peddling a "known lie."[2] Notably, Plaintiffs have no evidence of the known lie, or that the matter is *not* an exercise of free speech during an election. That is because the mailers at issue in this matter are indisputably an act in furtherance of Defendants' right of free speech under the United States or Louisiana Constitutions in connection with a public issue.

With respect, the Plaintiffs fail to grasp the difference between an act in furtherance of the right to free speech in connection with a public issue and whether or not the speech was defamatory. A statement may be defamatory, without admitting the same here, and still be an exercise of the rights at issue. The Louisiana Supreme Court has held that speech is about a "matter of public concern" if it relates to "any matter of political, social, or other concern to the community."[3] The "content, form, and context of a given statement" informs this public concern determination.[4] Article 971 provides examples of an "act in furtherance" of one's free speech rights:

> (a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.
>
> (b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.
>
> (c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.

---

[1] *Starr v. Boudreaux*, 07-652 (La. App. 1 Cir. 2007), 978 So.2d 384, 388-89; *Carr v. Mustian*, 10-835 (La. App. 5th Cir. 2011), 64 So.3d 292, 297, *writ denied*, 63 So.3d 1016 (La. 2011).
[2] Opposition, Rec. Doc. 12, at p.11.
[3] *Kennedy v. Sheriff of E. Baton Rouge*, 05-1418 n. 6 (La. 2006), 935 So.2d 669, 677 (*citing Connick v. Myers,* 461 U.S. 138, 146 (1983)).
[4] *Connick v. Myers,* 461 U.S. 138, 146 (1983) (*See Collins v. WAFB, LLC*, No. CV 16-15648, 2017 WL 1383948, at *4 (E.D. La. Apr. 18, 2017) (Lemelle, J.)).

> (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.[5]

Although the Plaintiffs have attempted, there can be no serious contest that mailers in association with a political campaign are not a textbook exercise of free speech rights. The Plaintiffs further attempt to contest that the free speech was not in connection with a "public issue." Judge (now Louisiana Supreme Court Justice) Crain, in 2017, examined the "content, form and context of statements" in determining the public issue requirement, as commanded by the Louisiana Supreme Court in *Connick v. Myers*. Judge Crain found, appropriately:

> Speech in relation to a matter of public concern is speech relating to any matter of political, social, or other concern to the community.[6]

Mr. Tomboulides has sworn that 82% of those polled support term limits for Congress, and that US Term Limits has supporters in St. Tammany Parish. The Plaintiffs have offered no evidence to contest this offering, other than that they do not believe a "known lie," is a public issue. But the "known lie" is not the public issue – term limits and the election for state representative are. Given the content (term limits), the form (a traditional mail piece) and the context (a contested election for state representative), the Defendants suggest that the *prima facie* case is met, and therefore the Plaintiffs were required to come forward with evidence to show a substantial probability of success on the merits: a standard they have not and cannot meet.

## II.     PLAINTIFFS OFFER NO EVIDENCE OF ACTUAL MALICE.

Plaintiffs' argument as to falsity and fault (actual malice) appears to be based solely on a parsed reading of Ms. Blanchard's e-mails to U.S. Term Limits, in which she suggested she supported term limits, except she doesn't like term limits' effect. She said:

---

[5] La. Code Civ. Proc. Ann. art. 971.
[6] *Breen v. Holmes*, 2016-1591 (La. App. 1 Cir. 12/7/17), 236 So. 3d 632, 636, writ denied, 2018-0049 (La. 3/2/18), 269 So. 3d 708 (*citing Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983)).

> I have no objection to term limits for Congress or any other elected office, except the adverse effect of empowering bureaucrats who have no responsibility to answer to the people and who fail to understand the practical impact and implications that the regulations they administrate have on the people.

Despite being pressed, Ms. Blanchard refused to clarify her position or state her support for term limits for U.S. Congress. Further, despite being prompted in the Defendants' Motion, Blanchard has not offered any evidence that the Defendants fabricated any facts, imagined them, or were so reckless as to be aware of probable falsity. Instead, she stakes her entire claim on her reading of her e-mails and refusal to further respond.

In reality, the Defendants' mail pieces were based on the Ms. Blanchard's own failure to endorse Congressional term limits when asked if she would on several occasions.[7] Notably, the question presented was <u>not</u> whether Ms. Blanchard supported term limits for her local community political organizations—but United States Congress. Not supporting term limits does not make Ms. Blanchard a bad person – it means that she simply does not support something that Defendants' (and the public) believe is a relevant issue. Ms. Blanchard has not offered any evidence of actual malice, and therefore has failed to meet her heavy burden.

### III. PLAINTIFFS DO NOT HAVE A CAUSE OF ACTION FOR ELECTION VIOLATIONS.

Plaintiffs misread La. R.S. 18:1463 to provide anything other than civil injunctive relief and criminal sanction. Section (D) provides for civil injunctive relief:

> D. (1) An affected candidate or voter shall be entitled to an injunction to restrain future violations of Subsections B and C of this Section.
>
> (2) In the event a permanent injunction is granted, reasonable attorney fees shall be allowed the petitioner by the court which shall be taxed as costs to be paid by the defendant.[8]

---

[7] See Affidavit of Nick Tomboulides.
[8] La. Stat. Ann. § 18:1463.

Section (F) would place Defendants in jail and/or fine them:

F. Whoever violates any provision of this Section shall be fined not more than two thousand dollars or be imprisoned, with or without hard labor, for not more than two years, or both.[9]

There is no other relief provided in the statute. Neither the injunctive relief nor the criminal sanctions are relevant to the case at bar: the Plaintiffs are seeking damages because they are upset Ms. Blanchard lost an election and want to blame the Defendants. But the election is over. *Badeaux v. Southwest Computer Bureau* therefore fits this case like a glove, and the Plaintiffs have failed to show any likelihood of success on the merits. Given that the Plaintiffs have now admitted they are not seeking injunctive relief and no other relief is available under the statute, this Court should therefore dismiss that cause of action in addition to the entire Complaint.

IV. **PLAINTIFFS CANNOT REFORM THEIR PLEADINGS NOW.**

For all the reasons spelled out in their original Memorandum in Support, the Plaintiffs cannot prove the complained statements of false, or made with actual malice, and therefore allowing amendment would be futile. Without falsity or fault the Plaintiffs have no case—even for enrichment without cause. As is evident from the text of the parties' emails on the subject, Ms. Blanchard did not confirm her support for term limits despite being presented multiple opportunities to do so. The matter is either literally true, substantially true, or not actionable. Therefore, this Court need not provide leave to amend the Complaint.

V. **THE DEFENDANTS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS UNDER ARTICLE 971.**

Louisiana's anti-SLAPP law states that the prevailing party "shall be awarded reasonable attorney fees and costs."[10] As the Defendants have shown, Plaintiffs cannot meet their burden of

---

[9] La. Stat. Ann. § 18:1463
[10] La. Code Civ. Proc. art. 971(B).

proof and their claims should be dismissed. The Defendants are therefore entitled to recover their attorneys' fees and costs and, after a hearing, should be awarded the same.

## CONCLUSION

The Plaintiffs have failed to come forward with clear and convincing evidence of actual malice, or damages. Therefore, Plaintiffs' Petition should be dismissed in its entirety, with prejudice, and the Defendants awarded their attorneys' fees and costs in defending this action following further proceedings on that issue.

Respectfully submitted:

**STERNBERG, NACCARI & WHITE, LLC**

s/Scott L. Sternberg
**SCOTT L. STERNBERG**, La. Bar No. 33390
**M. SUZANNE MONTERO**, La. Bar No. 21361
**MICHAEL S. FINKELSTEIN**, La. Bar No. 35476
**GRAHAM H. WILLIAMS**, La. Bar No. 36731
935 Gravier Street, Suite 2020
New Orleans, LA 70112
Telephone: 504.324.2141
Facsimile: 504.534.8961
scott@snw.law | suzy@snw.law | michael@snw.law | graham@snw.law

*Counsel for Jeffrey Scott Tillman and U.S. Term Limits*