**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SADIE MICHELE BLANCHARD ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2400** |
| **JEFFREY SCOTT TILLMAN ET AL** | **SECTION "B"(5)** |

**ORDER AND REASONS**

**IT IS ORDERED** that the motion for leave to amend notice of removal is **GRANTED**. Rec. Doc. 8.

**IT IS Further ORDERED** that the motion to remand is **DENIED WITHOUT PREJUDICE** to reconsider upon timely subsequent discovery and additions of non-diverse defendants who are currently listed as unnamed persons/entities. See Rec. Docs. 9 & 14.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 19, 2020, plaintiffs filed a Petition for Damages and Fines pursuant to La. R.S. 18:1463 and La. Civ. Code Art. 2998 in the 22nd Judicial State Court for the Parish of St. Tammany, State of Louisiana. Rec. Doc. 9-1 at 2.

In October 2019, S. Michele Blanchard ("Blanchard") was a candidate for the Louisiana House of Representatives District 76 race. Rec. Doc. 1-1 at 2. During that time, defendant Jeffrey Scott

1

Tillman ("Tillman") was an employee/agent of defendant U.S. Term Limits as its Deputy Filed Directory. Rec. Doc. 9-1 at 2. During the election, Tillman allegedly solicited information through a private email account from Blanchard, seeking information regarding her position on congressional term limits. *Id.* On August 20, 2019, Blanchard asserts she responded to Tillman's request stating, "I have no objection to term limits for Congress or any other elected office." *Id.*

According to Plaintiffs, despite Blanchard's response, U.S. Term Limits launched a negative social media campaign weeks prior to the election and published four (4) attack "mailers" that contained allegedly false statements. *Id.* at 3. Per Plaintiffs, the mailers "included scurrilous, false, or irresponsible, adverse comments" about Blanchard as a candidate and included a statement that Blanchard opposed term limits for Congress "in an effort to inflame the voters and constituents. . ." *Id.* at 4. Moreover, Plaintiffs allege that the defendants deceived voters by holding themselves out to be constituents, and in doing so, they knowingly and intentionally lied to the District 76 voters, interfered with a local election, and defamed Blanchard in the process. *Id.* Lastly, Plaintiff argue that the defendants' actions in creating and publishing the attack mailers to voters was done with actual malice and knowledge that each mailer contained false statements with reckless disregard for the truth. *Id.* Therefore, the plaintiffs

assert that defendants' alleged conduct resulted in violations of election law, defamation of Blanchard, and enrichment without cause. *Id.*

On September 1, 2020, Defendants removed the state action to federal court on the grounds of complete diversity and damages in excess of $75,000. Rec. Doc. 1 at 2. Specifically, per Defendant, complete diversity between the parties exist because Plaintiffs are Louisiana residents, Tillman is a resident of the State of Michigan and U.S. Term Limits is domiciled in the District of Columbia. *Id.* Moreover, Defendants assert that based on the face of the petition, it appears that Plaintiffs' demand exceeds the statutory threshold. *Id.* Notably, the notice of removal did not contain any indication that Tillman consented to the removal.

In view of their omission, on October 1, 2020, Defendants filed a Notice of Errata and Consent to Removal, advising the Court of the omitted consent and characterizing it as a "technical error." Rec. Doc. 7. The following day, Defendants sought leave to file an amended notice of removal in an attempt to clarify that both defendants consent to the removal. Rec. Doc. 8.

## II. <u>LAW AND ANALYSIS</u>

District Courts have original jurisdiction, called diversity jurisdiction, over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §1332(a). If a civil action over which the

district courts of the United States have original jurisdiction is brought in a State Court, it "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants must file a notice of removal pursuant to 28 U.S.C. §1446. Generally,

> "[t]he notice of a removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,"

28 U.S.C. § 1446(b)(1).

> However,

> "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

28 U.S.C. § 1446(b)(3). As such, the removing party bears the burden of showing that removal was proper, and any ambiguities are to be strictly construed in favor of remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002).

    i.   <u>The Named Parties are Completely Diverse</u>

Plaintiffs allege that complete diversity is destroyed because unnamed defendants who worked in concert with the named

defendants are likely Louisiana residents. Rec. Doc. 9-1 at 5. 28 U.S.C. § 1441 *et seq.* sets forth the procedural requirements for removal and states, "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Plaintiffs refute that this is a case involving "fictitious defendants" as U.S. Term Limits allegedly knows the identity of John Doe, Jane Doe and/or Corporate Defendants A through Z, but their respective identities and residencies will not be known until formal discovery occurs. Rec. Doc. 9-1 at 5. As such, Plaintiffs believe that these unnamed defendants who allegedly worked in concert with Tillman and U.S. Term Limits are Louisiana residents, which would effectively destroy diversity. *Id.* at 6.

Motions to remand have been denied where the citizenship of fictitious defendants was disregarded for purposes of determining diversity jurisdiction. *See Hill v. Geovera Specialty Ins. Co.*, No. CV 20-1896, 2020 WL 5411731, at *1 (E.D.La. Sept. 9, 2020) (Lemmon, J.) ("Geovera contends that in filing suit against ServPro, plaintiff sued a fictitious entity, and pursuant to 28

U.S.C. §1441. . .the court may not consider ServPro's non-diverse citizenship."); *see also Burns v. Home Depot U.S.A., Inc.*, No. CV 20-1062, 2020 WL 4504398, at *1 (E.D.La. Aug. 5, 2020)(Guidry, J.)(Citizenship of fictious defendants was disregarded for purposes of determining diversity jurisdiction.)

In relying on the cited caselaw, the defendant is correct in stating that John Doe, Jane Doe and/or Corporate Defendants A through Z are fictitious defendants whose respective residencies are generally disregarded for diversity concerns. However, the defendant is incorrect in stating, "Plaintiffs' novel argument that Defendant should somehow be able to identify and then supply the citizenship of the fictious defendants flies in the face of the plain language of the statute and established jurisprudence." Rec. Doc. 14 at 3.

However, the court nevertheless has authority to grant leave to amend the complaint to substitute a non-diverse party for a fictitious defendant pursuant to the *Hensgens* factors. *See Whiddon v. Wal-Mart Stores, Inc.*, 2005 WL 14912, at *2, n. 1 (E.D.La. Jan. 3, 2005); *see Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). Providing such amendment is timely filed and

has good cause, conceivably, remand for lack of complete diversity may follow. *Doleac v. Michaelson*, 264 F.3d 470, 475-77 (5th Cir. 2001).

At present, both plaintiffs are domiciled in Louisiana, Tillman is a resident of Michigan, and U.S. Term Limits is domiciled in the District of Columbia. Rec. Doc. 1 at 2. Without regard to the citizenships of John Doe, Jane Doe, and Corporate Defendants A through Z, complete diversity exists between the named parties. As noted earlier, substitution of the true identities of John Doe, Jane Doe, and Corporate Defendants A through Z and showing them as Louisiana residents, may destroy diverstiy.

ii. The Amount in Controversy Likely Exceeds $75,000

The plaintiffs also argue that this Court should remand the case back to state court because the amount in controversy does not exceed $75,000. Rec. Doc. 9-1 at 6. The removing party carries the burden of establishing that federal subject matter jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The court must determine the amount in controversy from the following two-fold inquiry: (1) whether it is facially apparent from the complaint that the claim exceeds the

7

jurisdictional minimum and (2) if it is not facially apparent, the court may turn to "summary judgment-type" evidence to ascertain the amount. *Hartford Ins. Group v. Lou-Con, Inv.*, 293 F.3d 908, 910 (5th Cir. 2002) (per curiam). Moreover, "when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Just as the plaintiff alleges, Louisiana law prohibits plaintiffs from specifying a specific amount of damages in their complaint. *See* La. C.C.P. Art. 893. Thus, within the context of removal, the defendant seeking to maintain federal jurisdiction must do more than make an unsupported assertion that damages in excess of $75,000 is facially apparent from the complaint. *Miller v. Mbna America Bank, N.A.*, 2006 WL 8453954, at *2 (S.D.Miss. Aug. 28, 2006) (defendants' unsupported assertion that it was facially apparent from the complaint that the claim exceeded the jurisdictional minimum was insufficient to establish jurisdiction). "The preponderance burden forces the defendant to do more than prove that [p]laintiff *might* recover more than $75,000.00 – it means that [d]efendant must produce evidence that establishes that the actual amount in controversy exceeds $75,000.00." *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)(emphasis added)).

8

The defendants argue that the damages prayed for in the complaint reasonably exceed the jurisdictional minimum. Rec. Doc. 14 at 5. As noted by the defendants, Plaintiffs seek $2,000, which is the maximum fine permitted under La. R.S. 18:1463(F) for violations of state election laws. Rec. Doc. 14 at 4; Rec Doc. 1-1 at 18. Plaintiffs also seek damages exceeding $50,000 in connection with lost campaign contributions. Rec. Doc. 14 at 4; Rec. Doc. 1-1 at 20. Additionally, the plaintiffs allege damages stemming from Blanchard's lost opportunity to serve in the Louisiana House of Representatives (where the salary is approximately $17,000 per year), special damages required to restore Blanchard's good name, attorney's fees, and contributions U.S. Term Limits received from the attack mailers. Rec. Doc. 14 at 5.

Plaintiffs seek attorney's fees and damages relating to a lost job opportunity, reputational damage, and unjust enrichment in addition to the statutory damages for election law violations. Therefore, because it is facially apparent that the amount in controversy exceeds $75,000 and the parties are completely diverse, this Court shall retain jurisdiction over the instant matter pursuant to Section 1332(a).

### iii. Defendants are granted leave to amend the technical defect in the notice of removal

In addressing the omission of Tillman's consent in the original notice of removal, the defendants separately request that the Court grants them leave to file an amended notice of removal, containing Tillman's consent to removal. *Id.* at 6. Upon filing a notice of removal within thirty days of service, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b). This so called "rule of unanimity" requires that all served defendants either join or otherwise file a written notice of consent to removal before the thirty-day removal period expires. *Cotton v. Marriot International Inc.*, 2018 WL 2949088, at *1 (E.D.La. June 13, 2018) (citing *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1261-62 (5th Cir. 1988); *see also Forman v. Equifax Credit Info. Services, Inc.*, 1997 WL 162008, at *1 (E.D.La. April 4, 1997) (Clement, J.) ("It is well settled in the Fifth Circuit that all defendants who have been served before removal must consent to removal within 30 days after service on the first defendant.").

Section 1653 "grants courts the authority and discretion to allow parties to cure defective allegations of jurisdiction. . .Section 1653 should be liberally construed to allow a party to cure technical defects." *Embry v. Hibbard Inshore, LLC.*, 2019 WL

1558027, at *1 (E.D.La. April 10, 2019) (Wilkinson, Mag.) (quoting *Menendez v. Wal-Mart Stores, Inc.*, 364 F.App'x 62, 65 (5th Cir. 2010). In *Embry*, the court permitted amendment of the notice of removal because the defendants sought to correct and clarify existing allegations of citizenship. *Id.* In doing so, the court recognized that the proposed amendment was not to create a new basis for jurisdiction that did not exist in the original notice of removal. *Id.*

By relying on *Embry*, the defendants maintain that amendment is sought only to correct a technical defect in the notice and would not change the basis for jurisdiction as set forth in the original notice. Rec. Doc. 8-1 at 4. The defendants also note that at the time they sought leave of court to correct the defect, they were still within the original thirty-day removal period. Rec. Doc. 14 at 6. As alleged in the defendants' motion seeking leave of court, the notice of removal was filed September 1, 2020, but the defendants were not served with the plaintiffs' petition until September 4, 2020. Rec. Doc. 8-1 at 5. The instant motion seeking leave to amend was filed on October 2, 2020, which was within the statutory time period for removal.

Plaintiffs oppose leave to amend in the absence of unanimous consent on removal. Rec. Doc. 9-1 at 10. However, it is important to note that at the time Plaintiffs filed their motion to remand,

11

the defendants had not yet sought leave to amend the notice of removal.

    Therefore, this Court shall grant leave to amend the notice of removal because the amendment does not assert a new ground for jurisdiction and the pleading was timely filed within the removal period. Moreover, the grounds upon which Plaintiffs oppose leave to amend are moot because Tillman timely indicated his consent to removal.

    New Orleans, Louisiana this 10th day of November, 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE